# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3152

_____

Paris School District

*Plaintiff - Appellee*

v.

Cyndi Harter, as parent of A.H.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith Division

_____

Submitted: April 12, 2018
Filed: June 28, 2018

_____

Before GRUENDER, MELLOY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge

After Cyndi Harter prevailed in an administrative hearing and a judicial review proceeding, the district court[1] instructed her to file a request within fourteen days for the attorney fees to which she was entitled as the prevailing party. Harter timely filed

---

[1] The Honorable P.K. Holmes III, Chief Judge, United States District Court for the Western District of Arkansas.

the request, but only for the hours expended on the administrative hearing. The district court partially granted the fee request, awarding only about half the amount she requested. After this award — and after the initial deadline had long passed — Harter made another request for attorney fees, this time for the hours spent on the district court review proceeding and time spent seeking fees. The district court denied this fee request as untimely and denied Harter's request for an extension of time. Harter appeals the reduced award of attorney fees and the denial of her second fee request.

## I.

In 2014, Harter initiated a "due process hearing," claiming that Paris School District ("PSD") violated the Individuals with Disabilities Education Act ("IDEA") by not providing her daughter with a free and appropriate public education ("FAPE") in the "least restrictive environment." *See* 20 U.S.C. §§ 1401(9), 1412(a), 1415(f). A hearing officer with the Arkansas Department of Education presided over a seven-day due process hearing spread over several weeks in late 2014 and in early 2015. *See* 20 U.S.C. § 1415(f). The hearing officer ruled, in large part, in favor of Harter.

As allowed by 20 U.S.C. § 1415(i)(2), PSD filed a civil action in Arkansas state court, challenging the findings and the relief ordered by the hearing officer. Harter, on behalf of her daughter, removed the case to federal court.

After removal, Harter filed a pleading captioned as a "third party complaint," raising several claims against PSD and two school officials in their individual and official capacities and seeking attorney fees from PSD. The district court severed

PSD's IDEA claim and Harter's request[2] for attorney fees from the non-IDEA claims by Harter against PSD and the two school officials.

The district court ruled in the IDEA review proceeding in favor of Harter, affirming nearly all of the hearing officer's findings.[3] The district court also concluded that, as the prevailing party, Harter was entitled to attorney fees. 20 U.S.C. § 1415(i)(3)(B). The district court "direct[ed] the parties to submit briefing as to the

---

[2] Harter labeled her request for attorney fees in her pleading as a separate "claim for relief." However, the IDEA provides that attorney fees may be awarded by a court "as part of the costs" rather than damages as part of the judgment on the merits. 20 U.S.C. § 1415(i)(3)(B). Thus, in this context, Harter's "counterclaim" for attorney fees was not actually a separate claim, but was effectively a pre-judgment request for attorney fees.

[3] In the district court civil action review proceeding under 20 U.S.C. § 1415(i)(2), PSD submitted the proceeding to the court for judgment by means of a motion for "summary judgment." But "summary judgment" is a misnomer for a court's judgment in such a review proceeding, given that the presence of a genuine dispute of material fact does not preclude the entry of judgment. *Beth B. v. Van Clay*, 282 F.3d 493, 496 n.2 (7th Cir. 2002); Phyllis E. Brown, *Chapter 6. Educating Students with Disabilities, in* 2 EDUCATION LAW § 6:10 (Ronna Greff Schneider ed., 2018). A civil action review proceeding under § 1415(i)(2), while sometimes referred to as an "appeal," is formally an original civil action. *Kirkpatrick v. Lenoir Cty. Bd. of Educ.*, 216 F.3d 380, 384–85 (4th Cir. 2000). A district court reviews the state hearing officer's determinations based on a review of the administrative record, but "hear[s] additional evidence at the request of a party" and may grant appropriate relief "bas[ed] [] on the preponderance of the evidence," § 1415(i)(2)(C), giving "due weight" to the hearing officer's determination. *I.Z.M. v. Rosemount-Apple Valley-Eagan Pub. Schs.*, 863 F.3d 966, 970 (8th Cir. 2017). Thus, a more appropriate label for a motion requesting judgment in such a review proceeding (at least where the decision is based solely on the administrative record) is a motion for judgment on the record. *Beth B.*, 282 F.3d at 496 n.2; *Slama ex rel. Slama v. Indep. Sch. Dist. No. 2580*, 259 F. Supp. 2d 880, 882 (D. Minn. 2003).

amount to be awarded for work done on the IDEA claim," and gave Harter fourteen days to do so.

Fourteen days later, Harter requested $69,206.74 in attorney fees and costs, claiming approximately 215 attorney hours of work performed on the due process hearing. A few months later, the district court granted in part and denied in part the request, awarding only $27,000 in attorney fees (based on 108 hours at $250 per hour) and $750 in other costs. The district court concluded the reduction was warranted because Harter's attorney spent an unreasonable amount of time and incurred excessive costs for the hearing.

About two weeks later, Harter filed another motion for attorney fees. She requested an additional $11,350 in attorney fees, plus $400 in other costs, both for defending the hearing officer's findings in the district court review proceeding and for seeking fees for the due process hearing. The next day, the district court issued an order *sua sponte*, requiring Harter to explain why her second fee request should not be denied as untimely and why she failed to include the request for attorney fees related to the district court litigation in her initial fee request.

Harter filed a response to the district court, stating that she believed the second request for attorney fees was timely and that it was her attorney's practice to bifurcate fee requests in such a manner. She further requested that, if the court found her request to be untimely, it grant an extension of time based on her attorney's good faith misunderstanding.

The district court denied Harter's second request for attorney fees as untimely. The district court noted that its prior order "clearly directed [Harter] to submit briefing as to the amount to be awarded for work done on the IDEA claim within 14 days" and "did not indicate that [Harter's attorney] should bifurcate her costs and fees in any way." The court further denied Harter's request for an extension to file her

fees request out of time, concluding that, "[w]hile the failure to file the motion in a timely manner was neglect, it was not excusable." Harter timely appealed the partial denial of her first request for attorney fees and the denial of her second request.

## II.

On appeal, Harter argues the district court abused its discretion by arbitrarily slashing her first requested fee in half.

The IDEA provides that a court "may award reasonable attorney[] fees as part of the costs" to a prevailing parent. 20 U.S.C. § 1415(i)(3)(B). This Court has said that, "[u]nless 'special circumstances' exist to make an award unjust, attorney fees should ordinarily be awarded to the prevailing party." *Yankton Sch. Dist. v. Schramm*, 93 F.3d 1369, 1377 (8th Cir. 1996) (quoting *Borengasser v. Arkansas State Bd. of Educ.*, 996 F.2d 196, 200 (8th Cir. 1993)). A court's grant or denial of attorney fees is reviewed for an abuse of discretion. *See Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1030 (8th Cir. 2003).

Where attorney fees are appropriate, courts typically use the "lodestar" method for calculating a reasonable award. *See Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017); *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 429 (8th Cir. 2017). The lodestar "is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Dindinger*, 853 F.3d at 429 (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)). In calculating the lodestar, courts must determine whether the hours claimed were "reasonably expended." *Id*. *See also* 20 U.S.C. § 1415(i)(3)(F). Trial judges "should weigh the hours claimed against [their] own knowledge, experience, and expertise of the time required to complete similar activities." *Gilbert v. City of Little Rock, Ark.*, 867 F.2d 1063, 1066 (8th Cir. 1989) (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)). A district court is "in a much better position to make this appraisal than" is

an appellate court. *Id.* (quoting *Jaquette v. Black Hawk Cty.*, 710 F.2d 455, 461 (8th Cir. 1983)).

Harter is certainly correct that a district court may not arbitrarily reduce the amount of hours on which an award of attorney fees is based. *See Heiar v. Crawford Cty., Wis.*, 746 F.2d 1190, 1204 (7th Cir. 1984). The district court's reduction here, however, was far from arbitrary. The district court articulated its reasons for the reduction, which demonstrated that it properly "weigh[ed] the hours [Harter] claimed against [the district court's] own knowledge, experience, and expertise of the time required to complete similar activities." *Gilbert*, 867 F.2d at 1066 (quoting *Johnson*, 488 F.2d at 717).

The district court's conclusion that Harter's attorney "billed for unnecessary and excessive work" is supported by its extensive knowledge of the details of this case and familiarity with similar litigation. Before calculating the amount of attorney fees to which Harter was entitled, the district court conducted an extensive review of the details of the due process hearing and the hearing officer's decision, issuing a detailed twenty-seven-page order. The district court's determination of the number of hours reasonably expended was based on the court's "knowledge, experience, and expertise of the time required to complete similar activities" and its familiarity with the case at hand. *Id.* We have no reason to second guess the district court's determination, based on the judge's experience, that the seven days Harter took to complete the due process hearing was excessive because the hearing was far less complex than litigation completed in less time.

The district court's conclusion was bolstered by the fact that a regulation of the Arkansas Department of Education states that, "[i]n general, a [due process] hearing should last no longer than three (3) days." 005-18 Ark. Code R. § 10.01.32. The district court did not use this regulation to impose a rigid three-day cap for purposes of calculating attorney fees for due process hearings. Instead, the district court

reasonably considered it as one factor among many in reaching its conclusion that 108 hours was the reasonable amount of attorney time, rather than the 215 hours claimed by Harter for the seven-day hearing.

In light of the district court's reasoned decision and its extensive familiarity with the details of the due process hearing, we conclude that the partial denial of Harter's first request for attorney fees was not an abuse of discretion.

## III.

Harter also argues the district court abused its discretion by denying her attorney fees request for defending the hearing officer's findings and for seeking fees in the district court. Specifically, Harter challenges the denial of her request for an extension, which she made after the district court demanded to know why her attorney fees requests were bifurcated and her second request submitted well after the court's deadline. We review the district court's decision under an abuse of discretion standard. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010).

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that a deadline may be extended for good cause, on a party's motion, if the party missed the deadline due to excusable neglect. Harter argues that her attorney's reasonable misunderstanding of the court's instruction to "submit briefing as to the amount to be awarded for work done on the IDEA claim" constituted good cause and reasonable neglect. This argument, at most, demonstrates an extension would have been permissible, but falls well short of showing that the denial was an abuse of discretion.

We agree with the district court that its order instructing Harter to submit her request for attorney fees within fourteen days was not misleading in any respect. The order did not indicate in any way that the fee request should be bifurcated.

We reject Harter's contention that the district court's instruction to "submit briefing as to the amount to be awarded for work done on the IDEA claim" was so ambiguous that it demanded a finding of excusable neglect. Read in context, the district court was referring to the IDEA claim in distinction from the non-IDEA claims Harter had made against PSD and its officials, which had previously been severed from the case.

Neither do we find merit in Harter's argument that her attorney reasonably, but mistakenly, thought "that her claim for attorney[] fees and costs incurred defending the hearing officer's decision and seeking fees and costs in the district court was not ripe" until fees and costs were awarded for the due process hearing, because only then would she be a "prevailing party" entitled to fees for the district court litigation. Appellant's Br. at 38. The district court's order unambiguously provided that Harter was the prevailing party in the district court review proceeding. Even assuming the order was ambiguous, the default rule is that motions requesting attorney fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Here, the district court resolved the sole claim in the action and entered judgment in favor of Harter. Thus, her request for attorney fees for the district court litigation was ripe and would be due within fourteen days unless the court provided otherwise. Moreover, even if it were reasonable to think the request for attorney fees for the district court litigation was not yet ripe, the record reveals no effort on the part of Harter's attorney to validate the accuracy of that assumption with the court.

Thus, we conclude the district court was well within its discretion to deny Harter's motion for an extension of time to request the attorney fees she had failed to timely include in her first request.

## IV.

Accordingly, we affirm both the district court's award of attorney fees and its order denying Harter's motion to untimely file a second request for attorney fees.

_____