# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-3658
_____

Judith Steckelberg, Parents on behalf of their minor child AMS; Michael
Steckelberg, Parents on behalf of their minor child AMS; AMS, minor child

*Plaintiffs - Appellees*

v.

Chamberlain School District

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: June 15, 2023
Filed: August 15, 2023
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

The Steckelbergs, AMS's parents, placed AMS at a private academy after the
Chamberlain School District did not meet AMS's needs. A state hearing examiner
decided that Chamberlain violated federal law and awarded the Steckelbergs costs

associated with AMS's placement at the academy.  The district court[1] affirmed, and so do we.

I.

AMS was a special education student at Chamberlain High School diagnosed with severe neuropsychiatric conditions.  AMS had an Individualized Education Plan (IEP), a document that lays out a student's special education needs and a school's plan to help the student make progress.  *See* 20 U.S.C. § 1414(d)(1)(A)(i).  Before AMS's junior year of high school, a behavioral analyst created different support documents for AMS.  While the analyst gave the documents to school staff, a behavior support plan was not included in AMS's junior year IEP.  Ultimately, the IEP required AMS to meet behavioral goals that left little to no room for error.

Before the start of the school year, AMS got into trouble.  A plan was eventually made for AMS to attend classes from home, which did not go well.  AMS was often unable to access learning materials and had limited contact with teachers.  Meanwhile, Chamberlain and the Steckelbergs considered other options.  The Steckelbergs suggested an out-of-state academy (the Academy).  Chamberlain did not expressly approve of the Academy but also didn't find any suitable alternatives.  Eventually, AMS went to the Academy, did well, and graduated.

The Steckelbergs filed a due process complaint against Chamberlain.  A state hearing examiner held that Chamberlain violated the Individuals with Disabilities Education Act (IDEA) and awarded the Steckelbergs costs associated with AMS's placement at the Academy.  Chamberlain sought review of the examiner's decision in state court, and the Steckelbergs removed to federal court.  The district court denied remand and affirmed the hearing examiner's decision.  Chamberlain appeals.

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

II.

We first turn to the district court's denial of remand, which we review *de novo*. *Halsey v. Townsend Corp. of Ind.*, 20 F.4th 1222, 1226 (8th Cir. 2021).

Chamberlain argues that the Steckelbergs weren't eligible to remove the case from state court to federal court because they weren't "defendants" under 28 U.S.C. § 1441(a). Chamberlain has it wrong. While the Steckelbergs initially sought to recover from Chamberlain, their status changed when Chamberlain sought the state court's review of the hearing examiner's decision. At that point, Chamberlain became the plaintiff for removal purposes. *See* 20 U.S.C. § 1415(i)(2)(A); *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 887 n.3 (8th Cir. 2018) ("A civil action review proceeding under § 1415(i)(2), while sometimes referred to as an 'appeal,' is formally an original civil action." (citation omitted)). Because the Steckelbergs were defendants, they were allowed to remove, so the district court didn't err in denying remand.

III.

We next review whether Chamberlain complied with the IDEA and the district court's award of costs to the Steckelbergs. Here, we "afford due weight to the outcome of the administrative proceedings, and accept the district court's factual findings unless they are clearly erroneous." *Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 948 (8th Cir. 2019) (citations omitted).

To recover, the Steckelbergs had to first show that Chamberlain did not provide AMS a free appropriate public education (FAPE). *Sneitzer v. Iowa Dep't of Educ.*, 796 F.3d 942, 947–48 (8th Cir. 2015). To have provided AMS with a FAPE, Chamberlain was required to offer AMS an IEP that was "reasonably calculated to enable [AMS] to make progress in light of [AMS's] circumstances." *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 399 (2017).

When writing AMS's junior year IEP, school staff did not consider the behavior support plan, which contained "the nuts and bolts of the behavior change process" and detailed "how the school personnel w[ould] support [AMS's] developing/emerging appropriate behaviors." While the junior year IEP set goals for AMS, the expectation for AMS was near-perfect compliance. When AMS was placed at home to learn, the amended IEP lacked adequate information about how AMS was going to make progress despite the change in learning environment. Worse, AMS was left at home without adequate academic support.

Giving due weight to the outcome of the administrative proceedings, we conclude that Chamberlain denied AMS a FAPE. *See Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1029 (8th Cir. 2003) ("The fact that no cohesive plan was in place to meet [a student]'s behavioral needs supports the ultimate conclusion that he was not able to obtain a benefit from his education.").

To receive reimbursement, the Steckelbergs also had to show that the Academy was an "appropriate" placement for AMS. *Sneitzer*, 796 F.3d at 948. That is, the Academy must have been "reasonably calculated to enable [AMS] to receive educational benefits." *T.B. ex rel. W.B. v. St. Joseph Sch. Dist.*, 677 F.3d 844, 847 (8th Cir. 2012) (citation omitted). In other words, the Academy must have been "specially designed to meet [AMS's] unique needs." *Id.* at 848 (citation omitted).

Chamberlain suggests that the Academy was inappropriate because it focused on AMS's behavioral issues, not AMS's educational ones. But the Academy was "specially designed" for AMS. It was equipped to handle AMS's problematic behaviors and was structured so that students could attend class and counseling during the week. The Academy partnered with an online school that worked with the Academy to let students focus on therapy and social skills outside of class. While there, AMS completed different classes and, importantly, did well enough to graduate and move on to college. *Cf. CJN ex rel. SKN v. Minneapolis Pub. Schs.*, 323 F.3d 630, 642 (8th Cir. 2003) ("Where, as here, the record indicates that a student's behavioral problems, if unattended, might significantly curtail his ability

to learn, the fact that he is learning is significant evidence that his behavioral problems have, at least in part, been attended to."). All things considered, the Academy was an appropriate placement, so reimbursement was not error.

In addition to tuition, the district court reimbursed the Steckelbergs for the cost of traveling to the Academy. Chamberlain says the travel costs weren't adequately proven or related to AMS's education, but this argument misses the mark. "[O]nce a court holds that the public placement violated [the] IDEA, it is authorized to grant such relief as the court determines is appropriate." *Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 15–16 (1993) (citation omitted). Here, an affidavit was submitted to the district court detailing the travel expenses related to AMS's placement at the Academy. The district court awarded the Steckelbergs most of the requested travel expenses. On this record, the district court did not abuse its discretion.[2]

## IV.

We affirm the judgment of the district court.

_____

_____

[2]The Steckelbergs seek full reimbursement of travel expenses. Because they did not cross-appeal, this argument is waived.